```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Shawn Kerner

    v.                                            Civil No. 16-cv-209-LM
                                                    Opinion No. 2017 DNH 048

ConServe

## O R D E R

Shawn Kerner brings suit against ConServe, alleging that it violated federal consumer protection laws by placing harassing telephone calls to her in an effort to collect a debt.  ConServe moves for summary judgment on Kerner's claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, arguing that Kerner consented to its calls.  Kerner objects.

## Legal Standard

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 215 (1st Cir. 2016). "An issue is 'genuine' if it can be resolved in favor of either party, and a fact is 'material' if it has the potential of affecting the outcome of the case." Xiaoyan Tang, 821 F.3d at 215 (internal quotation marks and citations omitted).  At the summary judgment stage, the court draws "all reasonable

inferences in favor of the non-moving party, but disregard[s] conclusory allegations, improbable inferences, and unsupported speculation." Fanning v. Fed. Trade Comm'n, 821 F.3d 164, 170 (1st Cir. 2016) (internal quotation marks omitted), cert. denied, 85 U.S.L.W. 3324 (U.S. Jan. 9, 2017).  Where the party moving for summary judgment "bears the burden of proof on an issue, [it] cannot prevail unless the evidence that [it] provides on that issue is conclusive."  E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico, 279 F.3d 49, 55 (1st Cir. 2002) (internal quotations omitted).

## Background

This case concerns the repayment of student loans that Kerner obtained from the United States Department of Education. The final promissory note that Kerner executed in connection with her[1] loans included a provision providing that she:

> [A]uthorize[s] my schools, ED, and their respective agents and contractors to contact me regarding my loan request or my loan, including repayment of my loan, at the current or any future number that I provide for my cellular telephone or other wireless device using

---

[1] The complaint refers to Kerner as a female.  See Doc. no. 1.  Kerner's brief opposing summary judgment, however, refers to Kerner as a male.  See Doc. no. 17.  Consistent with the allegations in the complaint, the court will refer to Kerner as a female.

>  automated dialing equipment or artificial or
>  prerecorded voice or text message.

Doc. no. 12-3 at ¶ 8.

Around August 31, 2015, ConServe was assigned Kerner's loans for the purpose of debt collection.  It is undisputed that Kerner was in default on the loans before they were assigned to ConServe.  ConServe first contacted Kerner about the debt on September 22, 2015, calling her at work.  During that call, Kerner gave ConServe agents her cell phone number and requested that ConServe contact her at that number.  Six days later, Kerner again gave ConServe her cell phone number and granted it permission to contact her at that number.

Kerner contends that at some point after requesting that ConServe contact her on her cell phone, she told ConServe to stop contacting her.  Kerner further asserts that, despite making this request multiple times, ConServe continued to call her one to two times per day.

## Discussion

Kerner brings claims under the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act (the "TCPA").  ConServe moves for summary judgment on Kerner's claim under the TCPA, arguing that the record demonstrates that it obtained consent to call Kerner on her cell phone.  In

response, Kerner argues that she revoked consent for ConServe to call her on her cell phone.

The TCPA is designed "to protect individual consumers from receiving unwanted telephone calls placed through automatic dialing systems." O'Neal v. Silverleaf Resorts, Inc., No. CV 15-13848-RWZ, 2016 WL 7852644, at *1 (D. Mass. Aug. 15, 2016). The TCPA makes it unlawful:

> [F]or any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A)(iii).

Under the TCPA, a consumer who has provided express consent to receive autodialed or prerecorded calls may later revoke that consent. Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1048 (9th Cir. 2017); Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255 (11th Cir. 2014); Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 268-272 (3d Cir. 2013); Himes v. Client Servs. Inc., 990 F. Supp. 2d 59, 69 (D.N.H. 2014). The parties do not dispute and the majority of courts hold that revocation can be accomplished orally. Osorio, 746 F.3d at 1255-56 (concluding that oral revocation is sufficient under the TCPA); Buchholz v. Valarity, LLC, No. 4:13CV362 TIA, 2014 WL 5849434,

4

at *7 (E.D. Mo. Nov. 12, 2014); Beal v. Wyndham Vacation Resorts, Inc., 956 F. Supp. 2d 962, 979 (W.D. Wis. 2013); see also In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 FCC Rcd. 7961, 7966 (July 10, 2015) ("Consumers have a right to revoke consent, using any reasonable method including orally or in writing.").  "'Express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof.'" Himes, 990 F. Supp. 2d at 69 (quoting Grant v. Capital Mgmt. Servs., L.P., 449 Fed. Appx. 598, 600 n.1 (9th Cir. 2011)).

   It is undisputed that Kerner consented to ConServe (as the Education Department's agent) calling her on her cell phone with an automated dialing system or a prerecorded message when she executed the final promissory note for her loans.  It is also undisputed that Kerner reaffirmed this consent twice in September 2015 when she provided ConServe her cell phone number and asked its representative to contact her at that number.

   Kerner argues, however, that summary judgment is inappropriate because she subsequently revoked that consent.  In support, Kerner points to a declaration that she filed in opposition to ConServe's motion for summary judgment.  Doc. no. 18.  In that declaration, Kerner states that she told ConServe

5

"to stop calling me for the first time sometime in the Spring [sic] of 2015." Id. at ¶ 11. Kerner further states that she told ConServe "multiple times to stop calling my cellular telephone following the first request." Id. at ¶ 12. Finally, Kerner asserts that ConServe continued to call her "one to two times per day" after she made these requests and that some of those calls "included messages and computerized voices, not the voice of a real person." Id. at ¶ 9, 13.

In response, ConServe contends that the court should not credit Kerner's affidavit because it is "self-serving," based on "improbable inferences, conclusory allegations or rank speculation," and lacks sufficient detail. Doc. no. 20 at 3. In addition, ConServe argues that Kerner's affidavit is contradicted by its record evidence, which shows that ConServe did not take over collection duties on Kerner's loans until August 31, 2015.

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Under this rule, "a party's affidavit may be self-serving and yet, still present genuine issues of fact if it contains relevant

information of which the party has first-hand knowledge." Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 315 (1st Cir. 2016). An affidavit or declaration is not sufficient to defeat summary judgment, however, if it "merely reiterate[s] allegations made in the complaint, without providing specific factual information made on the basis of personal knowledge." Id. Further, an affidavit or declaration based on "improbable inferences" or "conclusory allegations" is likewise insufficient to defeat summary judgment. Cordero-Soto v. Island Fin., Inc., 418 F.3d 114, 120 (1st Cir. 2005).

Here, Kerner's declaration recounts what she told ConServe representatives during telephone conversations with the company. That is information that is plainly within Kerner's personal knowledge. Moreover, Kerner's assertions concerning what she told ConServe's representatives are not conclusory or speculative. Rather, those assertions are first-hand recollections of facts, none of which contain any speculation or unsupported inferences. Black's Law Dictionary (10th ed. 2014) (defining "conclusory" as "[e]xpressing a factual inference without stating the underlying fact on which the inference is based"). Because Kerner's declaration contains relevant information and is based on personal knowledge, the court will

7

consider it for summary judgment purposes. Garmon, 844 F.3d at 315.

ConServe also contends that Kerner's affidavit lacks sufficient detail, citing Fleet Nat'l Bank v. H & D Entm't Inc., 96 F.3d 532, 540 (1st Cir. 1996). Fleet, however, is not on point. In Fleet, the defendant opposed summary judgment by relying on an affidavit asserting the parties had "specific discussions" that adopted an alternative and extracontractual understanding. Id. at 540. The Fleet court concluded that the affidavit's statement concerning the parties' purported understanding was "conclusory" because it did not contain specific facts about the discussions, including the dates they occurred, the names of the participants, or a "single specific" about the contents of the discussions. Id. Unlike the affidavit in Fleet, Kerner's affidavit does not assert a conclusion dependent on multiple unstated facts. It asserts her first-hand knowledge of a critical fact: that she told ConServe to stop calling her. Therefore, Fleet is inapplicable.

ConServe also argues that Kerner's affidavit cannot defeat summary judgment because the documentary evidence contradicts Kerner's assertions. In support, ConServe argues that its records show that it did not begin collecting on Kerner's loans until August 2015. This, ConServe contends, demonstrates that

8

"no cause of action exists against ConServe for violation of the TCPA" because Kerner's affidavit states that she first told ConServe to stop calling in the spring of 2015. ConServe's argument, however, ignores a crucial detail in Kerner's affidavit. Kerner asserts that after her first request, she told ConServe "multiple times to stop calling [her] cellular telephone." Doc. no. 18.

Taking this evidence in the light most favorable to Kerner, as the court must do at this stage, a reasonable factfinder could conclude that Kerner validly revoked her consent after the September 2015 calls. Put another way, ConServe has failed to demonstrate that the evidence it has proffered on the issue of consent is conclusive. Accordingly, ConServe is not entitled to judgment as a matter of law on Kerner's TCPA claim.

## Conclusion

For the foregoing reasons, ConServe's motion for summary judgment (doc. no. 10) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 16, 2017

cc: Charles W. Grau, Esq.
    Brendan H. Little, Esq.
    Angela K. Troccoli, Eesq.