UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Shawn Kerner

    v.                              Civil No. 16-cv-209-LM
                                        Opinion No. 2017 DNH 117

Conserve

Defendant Conserve moves for reconsideration of the court's order denying its motion for summary judgment on plaintiff Shawn Kerner's claim under the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227. Kerner objects.

## Legal Standard

Under the local rules of this district, a party may seek reconsideration of an interlocutory order if it shows that the order was based on "a manifest error of fact or law." L.R. 7.2(d). "Reconsideration is an extraordinary remedy that is used only sparingly." William v. U.S. Bank, N.A., No. 16-cv-141-JD, 2016 WL 6238516, at *1 (D.N.H. Oct. 25, 2016). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked and that might reasonably be expected to alter the conclusion reached by the court." United States ex rel. Williams v. City of Brockton, No. 12-CV-12193-IT, 2016 WL 7428187, at *1 (D. Mass. Dec. 23, 2016). Moreover, "[a] motion for

reconsideration is not intended to provide a party with a second bite of the proverbial apple." Id.

Conserve moves for reconsideration of the court's order denying its motion for summary judgment. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movement is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'Material facts' are those which might affect the outcome of the suit under the governing law, and an issue is 'genuine' if there is evidence that would allow a reasonable jury to find for the non-moving party." Audette v. Town of Plymouth, MA, --F.3d--, 2017 WL 2298070, at *5 (1st Cir. May 26, 2017) (internal quotation marks omitted).

## Background

Kerner's TCPA claim arises under § 227(b), which makes it unlawful for any person to call a cell phone using an automatic telephone dialing system or an artificial or prerecorded voice unless the call is "made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). Conserve moved for partial summary judgment on Kerner's TCPA claim, arguing that the summary judgment record demonstrated that Kerner had given it consent to call her and had reaffirmed that consent as recently as September 2015. In

response, Kerner submitted a declaration in which she stated that she told Conserve to stop calling her in the spring of 2015 and that she repeated this request to Conserve representatives "multiple times" thereafter. Based on her declaration, Kerner argued that she had validly revoked any consent that she had given Conserve to call her using automated means.

In its reply, Conserve argued that Kerner's declaration was not competent to oppose summary judgment because it was based on "improbable inferences, conclusory allegations or rank speculation" and lacked sufficient detail. In its order denying Conserve's summary judgment motion, the court determined that Kerner's declaration was admissible because it set forth nonconclusory facts that were based on her personal knowledge. The court also rejected Conserve's argument, premised on [Fleet Nat'l Bank v. H & D Entm't Inc., 96 F.3d 532, 540 (1st Cir. 1996)](), that Kerner's declaration lacked sufficient detail. In doing so, the court reasoned that unlike the affidavit in Fleet, which asserted a conclusion based on certain discussions without revealing the contents of those discussions, Kerner's declaration provided the specific statements on which she relied.

Discussion

Affidavits or declarations "are effective in opposing summary judgment only when they are given on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify about the matter in question." Garcia-Gonzalez v. Puig-Morales, 761 F.3d 81, 97 (1st Cir. 2014) (internal quotation marks omitted); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Conserve contends that the court erred in denying its summary judgment motion because (1) the declaration was not detailed enough to be credited for summary judgment purposes and (2) the declaration contradicted the record evidence.

I. Declaration Particularity

Conserve asserts that the court committed a manifest error of law because its order did not conform to the "legal principle that statements predicated on undefined discussions with unnamed individuals at unspecified times are insufficient to overcome summary judgment." Doc. no. 25-1. In support, Conserve cites Perez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir. 2001).

4

This argument merely rehashes the same arguments that the court rejected in its order denying Conserve's motion for summary judgment. In its summary judgment order the court rejected Conserve's argument that Kerner's declaration was too lacking in detail to be credited for summary judgment purposes. Perez, which Conserve did not cite in its motion for summary judgment, does not alter that conclusion.

In Perez, the plaintiffs brought suit against Volvo, alleging that it had facilitated a fraudulent invoicing scheme conducted by its exclusive importer for Puerto Rico. 247 F.3d at 309. Volvo moved for summary judgment, and the plaintiffs opposed the motion with the affidavit of a former owner of the importer, who stated that based on "personal discussion with various Volvo representatives," he knew that Volvo "was fully aware" of the fraudulent invoicing scheme. Id. at 316. Volvo challenged the admissibility of the affidavit.

On appeal, the First Circuit held that the statements in the affidavit were inadmissible. Id. In doing so, the court observed that "personal knowledge" is the "touchstone" of the admissibility analysis for summary judgment affidavits. Id. at 315. Nevertheless, the court concluded that even though the affidavit "purported to be based on personal knowledge," it was not specific enough to support the statements contained therein because it was "totally lacking in specificity about the

5

identity of the 'Volvo representatives' with whom Gonzalez ostensibly spoke, when those alleged conversations occurred, what was said, how Volvo 'knew' [about the fraudulent scheme] and how Gonzalez 'knew' the extent of Volvo's knowledge." Id. at 316. The court further observed that "[s]tatements predicated upon <u>undefined</u> discussions with unnamed persons at unspecified times are simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have been a participant." Id. (emphasis added).

<u>Perez</u> is inapplicable to this case for the same reasons that the court found <u>Fleet</u> inapplicable. In both cases, parties sought to avoid summary judgment based on conclusory and vague assertions about conversations with third parties without providing any specific facts supporting those assertions, including the actual content of the statements at issue. In this case, Kerner states that she received a number of calls from Conserve's representatives and provides the telephone numbers from which those calls came. Moreover, Kerner asserts the specific content of what she told Conserve's representatives and provides the rough time-frame for when those conversations occurred. Given that defendant itself has acknowledged that its representatives called Kerner on multiple occasions, the conversations are not the type of "undefined discussions" at

6

issue in Perez.  Doc. no. 29 at 4 (noting that multiple conversations are identified in its account notes).

Nevertheless, Conserve contends that Kerner's failure to provide the exact dates of the telephone conversations and the names of the representatives with whom she spoke renders her declaration inadmissible.  The court disagrees.  The summary judgment record already contains the very information that Conserve contends makes Kerner's declaration deficient.  In support of its motion for summary judgment, Conserve attached detailed account notes concerning its management of Kerner's account.  Those notes document the time and date of the calls that Conserve representatives had with Kerner, see doc. no. 10 at 9, and appear to identify the Conserve representative making those calls.  Armed with this information, Conserve fails to cite any evidence showing that Kerner did not have discussions with its representatives after she affirmed her consent in September 2015.  Given this context, Kerner's declaration does not lack the requisite detail to be admissible for summary judgment.

II. Declaration Contradicts the Record

Conserve also contends that the declaration should not be credited because it contradicts the record.  In support, Conserve points to its account notes, none of which, it argues,

7

states that Kerner revoked her consent during the calls. Conserve has presented no evidence that it was its business practice to record revocations of consent in the account notes. Therefore, the absence of such information in the account notes is not evidence concerning revocation. Moreover, even if such a contradiction existed, it would not be sufficient for the court to disregard Kerner's declaration. In essence, such a conflict amounts to a discrepancy between Conserve's employees' account of the telephone calls and Kerner's account of those same calls. A reasonable jury could believe either of these narratives, and it is not the role of the court at this stage to make such a determination. Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 217 (1st Cir. 2016) ("Credibility determinations are for the factfinder at trial, not for the court at summary judgment.").[1]

---

[1] Conserve cites TCPA cases in which, it contends, courts have refused to consider similar affidavits. In those cases, however, the plaintiff's affidavit was contradicted by either incontrovertible evidence in the record or the plaintiff's own discovery responses. See Haysbert v. Navient Sols., Inc., No. CV 15-4144 PSG (EX), 2016 WL 890297, at *9 (C.D. Cal. Mar. 8, 2016) (declaration conflicted with plaintiff's earlier interrogatory response); Cherkaoui v. Santander Consumer USA, Inc., 32 F. Supp. 3d 811, 814-15 (S.D. Tex. 2014) (account notes demonstrated that plaintiff had not spoken to representative, contradicting his assertion that he revoked consent). There is no incontrovertible evidence in the summary judgment record demonstrating that Kerner did not revoke consent.

## Conclusion

For the foregoing reasons, Conserve's motion for reconsideration (doc. no. 25) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 12, 2017

cc: Charles W. Grau, Esq.
    Brendan H. Little, Esq.
    Angela K. Troccoli, Esq.